**AMERICAN EXPORT LINES, INC.,**
Libelant,

v.

**UNITED STATES of America,**
Respondent.

United States District Court
S. D. New York.

Dec. 2, 1963.

Chadbourne, Parke, Whiteside & Wolff, New York City, Kominers & Fort, Washington, D. C., for libelant. Frank B. Stone, New York City, J. Franklin Fort, T. S. L. Perlman, J. Lovering Truscott, Washington, D. C., of counsel.

Robert M. Morgenthau, U. S. Atty., for the S. D. New York, for respondent. Louis E. Greco, Attorney in Charge Admiralty & Shipping Section Dept. of Justice, New York City, Leavenworth Colby, Lawrence F. Ledebur, Attys. Admiralty & Shipping Section Dept. of Justice of counsel.

WEINFELD, District Judge.

The libelant, contending that no triable issues of material fact exist, moves for summary judgment, declaring, with respect to the charter-party between it and the respondent, (1) that in the calculation of "net voyage profits," the profits and losses over the entire charter period are to be determined by the so-called "cumulative accounting" method, and (2) that libelant is entitled, under the charter and the applicable statute, to a ten per cent return on its "capital necessarily employed" in the operation of the chartered vessel in "an amount to be agreed, or in the absence of an agreement, to be determined by a commissioner of this Court."

As to the latter claim, the Government does not deny that the libelant is entitled to a ten per cent return on "capital necessarily employed" in the operation of the vessel; what it disputes is the amount of "capital necessarily employed," which must first be determined before the return can be calculated. The Government, in regulations promulgated under statutory authority in determining the "capital necessarily employed," takes

into account (1) adjusted net worth to reflect capital actually available in the various operations of the charters, including the charter operation itself, and (2) allocation of such adjusted net worth to determine the amount available for charter operations as distinguished from other operations of the charterer. The libelant challenges the Government's definition as unreasonable, unfair and arbitrary. It proposes different formulae under which the basic capital sum would be larger than that reached by the Government's definition, and which would yield to the libelant a greater allowance before reaching the amount of profits to be divided equally between it and the Government. According to libelant, the matter has been the subject of unresolved controversy extending over a period of almost six years of negotiation in an effort to reach an accord. Clearly a controversy which experts have been unable to resolve over such a period of time is not one to be disposed of by affidavits under the summary judgment rule. Indeed libelant itself recognizes that "a trial may be required to establish the reasonable capital requirements to operate a passenger vessel of the size of the S.S. LA GUARDIA * * *," although it urges the Court to make findings to grant some return on capital devoted to the operation of the chartered vessel. However, a prerequisite to any finding of a dollar amount of return to which libelant may be entitled, if at all, is the determination of the amount of "capital necessarily employed"; and it is beyond discussion that the disputed contentions of the respective parties on how this figure is reached precludes granting libelant's motion for summary judgment.

Since a trial must be had on this issue, no purpose would be served in deciding the "cumulative accounting" claim. That issue has been the subject of extensive litigation in various courts with conflicting determinations.[1] Any

decision by this Court, in the circumstances, would be advisory and in any event not binding upon the Trial Court. Dictograph Prods. Co. v. Sonotone Corp., 230 F.2d 131 (2d Cir.), petition for cert. dismissed, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956).

The motion is denied.

---

1. Compare United States v. Moore McCormack Lines, Inc., 308 F.2d 866 (4th Cir. 1962), cert. denied 372 U.S. 944, 83 S.Ct. 937, 9 L.Ed.2d 969 (1963), with American President Lines v. United States, 224 F.Supp. 187 (N.D.Cal.1963).